# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3547

_____

Vanessa Thornhill,                    *
                                      *
            Appellant,                *
                                      *    Appeal from the United States
    v.                                *    District Court for the
                                      *    Western District of Missouri
Kenneth S. Apfel, Commissioner        *
of Social Security,                   *        [UNPUBLISHED]
                                      *
            Appellee.                 *

_____

Submitted:   March 12, 1999

Filed:   March 24, 1999

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
    NANGLE,[1] District Judge.

_____

PER CURIAM.

Vanessa Thornhill appeals from a final order entered in the United States
District Court[2] for the Western District of Missouri affirming the decision of the

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern
District of Missouri, sitting by designation.

[2]The Honorable Dean Whipple, United States District Judge for the Western
District of Missouri.

Commissioner of Social Security denying her social security disability benefits. Thornhill v. Apfel, No. 97-4021 (W.D. Mo. 1998) (hereinafter "slip op."). Jurisdiction in the district court was based on 42 U.S.C. § 405(g). Jurisdiction in this court is based on 28 U.S.C. § 1291. For reasons stated below, we affirm the order of the district court.

Thornhill applied for social security disability benefits on October 27, 1992, alleging that, as of that date, she was disabled within the meaning of the Social Security Act due to a combination of carpal tunnel syndrome, psychological impairments, and disabling pain, among other things. Following a hearing, the Administrative Law Judge (ALJ) entered an order dated August 23, 1996, concluding that she was not disabled within the meaning of the Social Security Act because there were jobs existing in significant numbers in the national economy which Thornhill could perform. She requested review by the Social Security Administration Appeals Council. By letter dated December 4, 1996, the Appeals Council denied her request for review. The decision of the ALJ therefore became the final decision of the Commissioner, and Thornhill appealed the decision to the district court. Thornhill moved for summary judgment and, upon review, the district court held that "the ALJ properly determined based on the record as a whole that Plaintiff could perform other work in the national economy and was therefore not disabled." Slip op. at 14. Thereafter, Thornhill appealed.

For reversal, Thornhill argues that the district court erred in holding that substantial evidence on the record as a whole supports the ALJ's decision. More specifically, she maintains that substantial evidence does not exist in the record to support the ALJ's findings with respect to the credibility of her subjective complaints of pain, the full extent of her psychological and other impairments, or the combined effect of her impairments. She also contends that the ALJ improperly considered the vocational expert's testimony, misinterpreted the applicable law, and did not fully and fairly develop the record in this case. We have carefully reviewed the parties'

arguments on appeal and the record in this case, including the district court's order and the ALJ's order. Upon review, we agree with the district court that the ALJ did not err in evaluating the vocational expert's testimony or in interpreting applicable law, that the record was adequately developed, and that there is substantial evidence on the record as a whole to support the ALJ's decision. The order of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.